UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PATRIOT HOMES, INC. and | ) | |
| PATRIOT MANUFACTURING, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 3:05-CV-471 AS |
| | ) | |
| FOREST RIVER HOUSING, INC. d/b/a | ) | |
| STERLING HOMES, BRENT RAIFSNIDER, | ) | |
| DANIEL REED, WILLIAM MILLIKEN and | ) | |
| STEVEN RYKER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant, Forest River Housing, Inc. d/b/a Sterling Homes' ("Sterling" or "Defendant"), Motion For Partial Judgment on the Pleadings (Docket No. 83) filed by Sterling on June 9, 2006, pursuant to Federal Rules of Civil Procedure, Rule 12(c), against Plaintiffs, Patriot Homes, Inc. and Patriot Manufacturing, Inc. ("Patriot" or "Plaintiffs"). The Plaintiffs have alleged claims of conversion and theft, tortious interference with contract, tortious interference with prospective business advantage, and unfair competition in Counts IV through VII of their Amended Complaint. Defendant Sterling alleges that the Indiana Uniform Trade Secrets Act and/or federal Copyright Act preempt these claims based solely upon Defendant's alleged misappropriation of trade secret/confidential information and alleged unauthorized reproduction and use of Plaintiffs' alleged copyrights. Further, Sterling alleges that Patriot's claim for treble damages relating to the alleged conversion and theft is also preempted by the Copyright Act to the extent that

the claim is based upon infringement of Patriot's copyrights.  In sum, Sterling asserts that it is entitled to judgment as a matter of law on Counts IV through VII of Patriot's Amended Complaint.

## I.  Procedural History

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1338(a) and 1331. Specifically, federal claims are brought under 74 U.S.C. §§ 101, et. seq. ("The Copyright Act") and 15 U.S.C. § 1125(a) ("The Lanham Act").  The Court has supplemental jurisdiction under the state law claims pursuant to 28 U.S.C. § 1367.  Venue is appropriate in this case due to the fact that Defendants either reside or do business in the Northern District of Indiana and because events or omissions giving rise to the claims occurred within this District.

On August 5, 2005, Patriot filed their Complaint [docket #1] with this Court. Defendants Brent Raifsnider, Daniel Reed, William Milliken, and Steven Ryker filed their answer and counter-claim to that Complaint on September 20, 2005 [docket #27], and Defendant Sterling filed its answer and counter-claim to that Complaint on January 5, 2006 [docket #71].  Defendant Sterling moved for a partial judgment on the pleadings on June 9, 2006 [docket #83], seeking partial judgment on Plaintiffs' original Complaint, Counts IV through VII.  Then, on July 6, 2006, Plaintiffs filed their Amended Complaint [docket #119]. The Amended Complaint adds claims for copyright infringement based upon three (3) additional copyright registrations allegedly issued by the Copyright Office after the filing of the original Complaint, and it adds a claim for passing off under the Lanham Act.  However,

2

Counts IV through VII in the Amended Complaint detail the same allegations as contained in Counts VI through VII in the original Complaint. Defendant Sterling filed its answer to the Amended Complaint on July 26, 2006 [docket #120], and Defendants Brent Raifsnider, Daniel Reed, William Milliken, and Steven Ryker filed their answer to the Amended Complaint on the same day [docket #121]. In light of the fact that Sterling has moved for Partial Judgment on the Pleadings, regarding only Counts IV through VII (and Patriot's claim for treble damages relating to the alleged conversion and theft), and because the original Complaint and Amended Complaint contain alike allegations in Counts IV through VII, this Court considers Sterling's Motion for Partial Judgment on the Pleadings. This Court has carefully analyzed the Amended Complaint ("Complaint"), the Answers filed thereto, and the parties' briefs[1] on the matter. Further, on January 11, 2007 the Court heard oral argument in South Bend on various pending motions, including this motion.

## II. Standard of Review

Under Federal Rules of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." A Rule 12(c) motion for judgment on the pleadings is reviewed "under the same standards as a motion to dismiss under 12(b): the motion is not granted unless it appears beyond doubt that the plaintiff can prove no facts sufficient to support the moving party." *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997). And a motion for judgment on the pleadings is properly

---

[1] The Court notes that Sterling's Reply in support of it's motion for partial judgment on the pleadings was filed *after* the Amended Complaint was filed, and in it's Reply Sterling contemplated the Amended Complaint. *See* Sterling's Reply, p. 1, n. 1.

granted where, accepting all "well-pleaded allegations in the complaint as true" and drawing all "reasonable inferences in favor of the plaintiff," the moving party is entitled to judgment as a matter of law. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000); *Milne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005), *cert. denied*. This Court is permitted only to consider the pleadings, which include the complaint, the answer, and any written instruments attached to those documents and exhibits. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing Fed.R.Civ.P. 10(c)). Whether a claim is preempted is a pure question of law for the court to decide. *See Raskin v. Moran*, 684 F.2d 472, 475 (7th Cir. 1982); *Short v. Haywood Printing Co., Inc.*, 667 N.E.2d 209, 212 (Ind.Ct.App. 1996), *trans. denied*.

### III.  The Pleadings[2]

Patriot is in the business of designing and selling several models of modular homes. Complaint at ¶¶ 1, 2. Patriot has a copyright interest in the technical drawings and in the architectural works for each model of modular home created by Patriot's employees as works for hire.[3] Complaint at ¶¶ 14, 15. Sterling is a recent competitor in the modular home industry, with employees, Raifsnider, Reed, Milliken, and Ryker, whom were previously employed by Patriot and had access to Patriot's alleged trade secret and confidential information. Complaint at ¶¶ 21, 24-30. This information was found on confidential state

---

[2] For the purposes of this motion, the facts set forth herein indicate the Court's accepting all well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiffs.

[3] The Court is not rendering a judgment regarding the existence of valid copyrights and/or protectable trade secrets.

submissions, technical and construction drawings for modular homes, three-dimensional computer models for modular homes, confidential sales and cost information, and computer files containing more detailed information than just copyrighted material.  Complaint at ¶¶ 30-32, 40-41.  Within a short time after the Defendant's former employees started their employment with Sterling, Sterling circulated to the general public advertising materials describing 22 separate models of modular homes which are virtually identical to a separate and preexisting Patriot model.  Complaint at ¶¶ 35, 37, 45-47, Exbs. 10-13.  Patriot has registered copyrights in several of its technical drawings, a registered copyright in one of the architectural works for one of its modular homes, and has applied for additional copyright registrations for original and derivative technical drawings for its modular homes.  Complaint at ¶¶ 38-39, Exbs. 1-9.

Patriot contends that the Defendant misappropriated its trade secret computer files, manufacturing and production drawings, and other information to create Defendant's modular home line, as well as misappropriated Patriot's confidential state submissions and confidential sales and cost information.  Complaint at ¶¶ 43-45.  Patriot further contends that, by way of Defendant's advertising, Patriot has improperly adopted Patriot's technical drawings and architectural works, and improperly promoted the drawings as being the work of Sterling, in an effort to deprive Patriot of customers.  Complaint at ¶ 48.  Patriot has suffered lost revenues and profits as a result of Sterling's misrepresentations and unlawful actions.  Complaint at ¶ 49.  Therefore, Patriot asserts the following claims in their Amended Complaint:  theft and conversion, pursuant to Ind. Code 35-43-4-2 and 35-43-4-3

5

respectively, where Defendants "are knowingly and/or intentionally exercising unauthorized control over Patriot's property" (Complaint at ¶¶ 68-72), tortious interference with contract (Complaint at ¶¶ 73-77), tortious interference with prospective business advantage (Complaint at ¶¶ 78-82), and unfair competition (Complaint at ¶¶ 83-89).  Further, Patriot asserts that it is entitled to recover treble damages as a direct and proximate result of Defendants' theft and conversion of Patriot's property, pursuant to Ind. Code. 34-24-3-1 (Complaint at ¶ 72).

### IV.  Analysis

**A.     Motion as premature/Pleading in the Alternative**

Before addressing the preemption issues, the Court first considers Patriot's argument that Sterling's motion must be denied as premature.  Plfs' Opp. at 8-12.  Essentially, Patriot asserts that because plaintiffs are permitted to plead claims in the alternative, Sterling cannot force Patriot to prematurely elect its remedies and prioritize its theories of relief.  *Id.* at 8-9.  Further, Patriot argues, without citation to any supporting law or other authority, "[u]nless Defendant, by way of its Motion, is both admitting the Trade Secret and Copyright violations set forth in the Complaint and seeking a Judgement from this Court to that effect, then it is simply too early to address and render judgement on Patriot's common law theories of relief." *Id.* at 11.

While this Court agrees that clearly a plaintiff has the right to plead in the alternative, *see Alper v. Altheimer & Gray*, 257 F.3d 680, 687-88 (7th Cir. 2001); Fed. R. Civ. P. 8(a), and that all that is mandated by the Federal Rules of Civil Procedure is a short and plain

6

statement of the claim showing that the pleader is entitled to relief, *see* Fed. R. Civ. P. 8(a)(2), it does not logically follow that certain claims cannot be determined to be preempted at the pleadings stage.  Of course, the plaintiff does not need to prove the legal claims at the pleadings stage; however, regardless of the *merits* of any of the common law claims brought by Patriot, if any common law claim is preempted by the IUTSA or the Copyright Act then it cannot go forward, ever– it is not a matter of pleading in the alternative.  The protection afforded to the Plaintiff at this stage is provided in the standard of proof and in the notice pleading requirement.

**B.    IUTSA and the Copyright Act, preemption in general**

*Indiana Trade Secrets Act*

The Indiana Trade Secrets Act ("IUTSA") displaces "all conflicting law of this state pertaining to the misappropriation of trade secrets, except contract law and criminal law." Ind. Code 24-2-3-1(c).  *See Kozuch v. CRA-MAR Video Center, Inc.*, 478 N.E.2d 110, 113 (Ind.Ct.App. 1985), *r'hrng. denied*, *trans. denied* (holding that the acquisition and use of the trade secret, knowing that its use and acquisition was occasioned by a third-party's breach of a duty to keep the customer list a secret was a misappropriation under the definition of the statute).

*The Copyright Act*

The Copyright Act preempts state law claims that fall within the subject mater of the copyright and where the right protected by state law is equivalent to any exclusive right under the Copyright Act.  17 U.S.C. § 301(a).  State law rights of action are preempted under

7

Section 301 upon a showing that: (1) the work in which the right is asserted must be fixed in tangible form and come within the subject matter of copyright as specified in § 102 or § 103; and (2) the right must be equivalent to any of the rights specified in § 106[4]. *See Baltimore Orioles, Inc., v. Major League Baseball Players Assoc.*, 805 F.2d 663, 674 (7th Cir. 1986), *cert. denied,* 480 U.S. 941 (citations omitted).

### C.    Conversion/Theft/Treble Damages

*Preemption under IUTSA*

Sterling admits that "[n]either the Supreme Court of Indiana nor the Indiana Court of Appeals has squarely identified what claims and remedies are displaced by the IUTSA." Def's Motion at 3.  However, Sterling argues that because Indiana courts have rejected the more narrow preemption language of the Uniform Trade Secrets Act, and have held that the common law doctrine of respondeat superior was displaced by the IUTSA and there is no vicarious liability under the IUTSA, then Patriot's common law claims ought to be preempted here.  *Id.* (citing *Infinity Prods., Inc. v. Quandt*, 810 N.E.2d 1028, 1033-34 (Ind. 2004), *reh'g. denied*).  Therefore, based upon the holdings of other jurisdictions that have displaced common law tort claims, Sterling concludes that "[t]he Indiana Supreme Court would conclude that Plaintiffs' claims for theft and conversion, tortious interference with contract, tortious interference with prospective business advantage, and unfair competition . . .

---

[4] In determining if the right is equivalent to any of the rights specified in § 106, the Court determines if the elements of the state law claim differ from those necessary to prove a copyright infringement claim, and if those additional elements differ in kind from those necessary for copyright infringement thereby changing the nature of the action so that it is qualitatively different from a copyright infringement claim.  *See Higher Gear Group, Inc. v. Rockenback Chevrolet Sales, Inc*., 223 F.Supp.2d 953, 957 (N.D.Ill. 2002).

. are preempted by the IUTSA." Def's Motion at 4-5. Further, Sterling contends that because Patriot's claim for theft and conversion are "premised solely upon Defendant's alleged misappropriation and use of Plaintiffs' purported confidential information/trade secrets and copyrights," then they are preempted. Def's Motion at 9.

On the other hand, Patriot argues that the IUTSA does not broadly preempt all tort claims, but only "conflicting claims pertaining to misappropriate of trade secrets." Plfs' Opp. at 12 (citing to Ind. Code 24-2-3-1(c)). Further, Patriot explains that *Infinity Prods., Inc.* did not announce a blanket preemption on all tort claims by the IUTSA, but acknowledged Ind. Code 24-2-3-1(c) and found that the scienter requirements of respondeat superior and misappropriation of trade secrets were in conflict, thus the doctrine was displaced by the IUTSA. Plfs' Opp. at 16. Therefore, Patriot contends that regardless of whether the IUTSA displaces its claims as they relate to misappropriation of trade secrets, the IUTSA does not preempt Patriot's claims to the extent that those claims allege misappropriation or improper use of confidential information, unfair competition, or tortious business practices. Plfs' Opp. at 13.

This Court does not agree that Patriot's claim for theft and conversion "is premised solely upon Defendant's alleged misappropriation and use of Plaintiffs' purported confidential information/trade secrets and copyrights." The complaint states that "Defendants are knowingly and/or intentionally exercising unauthorized control over Patriot's property, including but not limited to its copyright, trade secret, proprietary and confidential information." (Complaint at ¶ 69). Further, the complaint specifically indicates

9

that Sterling's former employees had access to and have misappropriated information on confidential state submissions, technical drawings for modular homes, three-dimensional computer models for modular homes, and confidential sales and cost information, as well as computer or CAD "files." (Complaint at ¶¶ 30-32, 40, 43-44). Patriot has alleged in its Complaint more than just the misappropriation of trade secrets. Furthermore, Sterling's reliance on *Thomas & Betts Corp. v. Panduit Corp.*, 108 F.Supp.2d 968 (N.D.Ill. 200) does not help Sterling, because in drawing all reasonable inferences in favor of Patriot, it cannot be said that the tangible items taken by defendant here have but an immaterial intrinsic value. *Thomas & Betts Corp.,* 108 F.Supp.2d at 973, n. 2. This Court's determination that the claims for theft/conversion of the tangible medium embodying the intellectual property are not preempted is in line with Indiana law. *See Northern Electric Company, Inc. v. Torma*, 819 N.E.2d 417, 429-30 (Ind.Ct.App. 2004), *r'hrng. denied*, *trans. denied*. (holding that the trial court erred as a matter of law by concluding that the compilation of data was not entitled to trade secret protection, erred by concluding that defendant did not misappropriate plaintiff's trade secret, and erred by concluding that the plaintiff failed to prove statutory conversion for the data that the defendant refused to return).

**Preemption under the Copyright Act**

Sterling claims that the "Seventh Circuit has all but[5] proclaimed that common law

---

[5] The argument that the Court "all but" holds a particular way, is "nothing but" misleading. Such arguments should be avoided when its effect is to provide a misguided construction of the law, as the more concise approach is to state what the law is, not what it is not.

10

claims for conversion are preempted by the Copyright Act when what is alleged to be converted is copying or use of a copyrighted work, and specifically holds that the exemplary damages sought by Plaintiffs in this case under the guise of 'conversion and theft' are preempted." Def's Motion at 7 (relying on *Bucklew v. Hawkings*, 329 F.3d 923, 932-34 (7th Cir. 2003) (holding that the Copyright Act's preemption clause forbids states to add sanctions for a wrongful act that is identical to a violation of the Copyright Act). Sterling asserts that the Copyright Act preempts Patriot's claims to the extent that they rest on allegations of unauthorized copying, use or distribution of copyrights. *Id.* at 9.

However, Patriot again maintains that Sterling stole and concealed proprietary and confidential information, which does not necessarily include trade secrets or copyrights. Plfs' Opp. At 14.  Patriot further argues that the Court must accept these allegations as true. *Id.*  Patriot acknowledges that although any claim for theft/conversion by copying pure copyrighted information may be preempted, Sterling's theft/conversion of Patriot's media, e.g. CDs, DVDs, diskettes, etc. is not preempted by the Copyright Act.  *Id.* at 21.

As with trade secrets, this Court finds that the Complaint sufficiently alleges that Sterling stole items, which do not necessarily include copyrights. Therefore, to the extent that Patriot has alleged the conversion/theft of physical or tangible objects embodying Patriot's work, the claims of theft and conversion are not preempted; however, to the extent that Patriot has alleged the unlawful retention of its intellectual property rights, the claims are preempted by the Copyright Act.  *See Micro Data Base Systems, Inc. v. Nellcor Puritan-Bennett, Inc.*, 20 F.Supp.2d 1258, 1262-63 (N.D.Ind. 1998); *U.S. ex rel. Berge v. Board of*

11

*Trustees of the Univ. of Alabama*, 104 F.3d 1453, 1463-64 (4th Cir. 1997). Similarly, this Court finds that Patriot's claim for damages pursuant to Ind. Code 34-24-3-1 is not preempted only to the extent that the theft and conversion claims are not preempted. *See id; Torma*, 819 N.E.2d at 429-30.

**D.      Tortious Interference with Contract & Prospective Business Advantage**

           To state a claim for tortious interference with contractual relations, a plaintiff must show: (1) the existence of a valid and enforceable contract; (2) the defendant's knowledge of the existence of the contract; (3) the defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting from the defendant's wrongful inducement of the breach. *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1235 (Ind. 1994); *Morgan Asset Holding Corp. v. CoBank, ACB*, 736 N.E.2d 1268, 1272 (Ind.Ct.App. 2000) (citations omitted).

A claim for tortious interference with prospective business advantage consists of the following elements: (1) the existence of a valid business relationship; (2) the defendant's knowledge of the existence of the relationship; (3) the defendant's intentional interference in the relationship; (4) the absence of any justification; and (5) damages resulting from the defendant's interference. *Harvest Life Ins. Co. v. Getche*, 701 N.E.2d 871, 876 (Ind.Ct.App. 1998); *Johnson v. Hickman*, 507 N.E.2d 1014, 1017 (Ind.Ct.App. 1987). Whether a defendant acted illegally is also relevant in adding proof of a cause of action. *Harvest Life Ins. Co.,* 701 N.E.2d at 876.

Sterling argues that in Patriot's interference claims, Patriot has failed to describe the

12

"conduct by which Defendants purportedly are interfering with Plaintiffs' alleged contracts and relationships." Def's Motion at 10. Further, Patriot has not alleged that Sterling's conduct was "without justification" which is an element of both claims, nor does Patriot allege the "illegality" element required by the claim for tortious interference with prospective business advantage. *Id.* Therefore, Sterling contends that the claims could be dismissed for failure to state a claim. *Id.* In the alternative, Sterling argues that the only allegations supporting these claims are based upon the misappropriation and use of trade secret/confidential information and copyrights, and therefore the claims should be dismissed. *Id.*

In so far as the IUTSA is concerned, Patriot asserts that the elements pled by Patriot to support its tortious interference claims, do not depend upon Sterling's misappropriation of trade secrets, nor do they conflict with the same. Plfs' Opp. at 14-15. But Patriot does not explain what the claims "do" depend on. Patriot also states that it has alleged "more than a misappropriate (sic) of trade secrets" to state its claims, but does so without specifying what "more" it has claimed. *Id.*

Insofar as the Copyright Act is concerned, Patriot argues that its tortious interference claims are not preempted by the Copyright Act because the works in which those state rights are asserted are not all fixed in tangible form, nor do they all come within the subject matter of copyright as specified in Sections 102 or 103. Plfs' Opp. at 21. Patriot states that its rights protected by the common law are not equivalent to the protections of the Copyright Act, and Indiana federal courts have not directly addressed the issue because it is so "obvious" that the

13

claims are not preempted. *Id.*

Initially, the Court rejects Sterling's position that the tortious interference claims ought to be dismissed for failure to state a claim. The Court finds that Patriot has sufficiently satisfied the notice requirements required by the federal rules of procedure, and therefore the claims will not be dismissed for failing to state a claim. *See* Fed. R. Civ. P. 8(a)(2).

Regarding preemption under the IUTSA, Patriot has tacitly agreed, and even if not, this Court finds that some of Patriot's tortious interference claims depend solely upon Sterling's misappropriation of trade secrets, and therefore, to this extent the claims are preempted. *See Thomas & Betts Corp. v. Panduit Corp.*, 108 F.Supp.2d 968 (N.D.Ill. 2000) (granting summary judgment where the court found that the claims for conversion, unfair competition, and tortious interference with business relations were based only on the theft or unauthorized use of confidential information/trade secrets, where the defendant retained computers, disks, and documents that contained confidential information); *Fox Controls, Inc. v. Honeywell, Inc.*, 2002 U.S.Dist. LEXIS 15663 (N.D.Ill. Aug. 21, 2002) (granting defendant's Rule 12(b)(6) motion for partial dismissal, ruling in relevant part that plaintiff's claims for conversion, interference with prospective economic business advantage, and unjust enrichment could not be plead in the alternative because they were based on the defendant's misappropriation of confidential information); *Learning Curve Toys, L.P. v. PlayWood Toys, Inc.*, 1992 U.S.Dist. LEXIS 11262 (N.D.Ill. July 19, 1999) (rejecting Plaintiff's argument that if their ideas did not meet the requirement for a trade secret then it was entitled to pursue the common law causes of action for the theft of ideas); *but see*, *Coleman v. Vukovich*, 825

14

N.E.2d 397 (Ind.Ct.App. 2005) (granting summary judgment to the employee on Coleman's tortious interference with contractual relations because Coleman did not prove a valid contract between him and a third party and granting summary judgment to the employee on Coleman's trade secret claims because the information did not constitute trade secret); *Zemco Manufacturing, Inc., v. Navistar International Transportation Corp.*, 759 N.E.2d 239 (Ind.Ct.App. 2002), *r'hrng denied*, *trans. denied* (granting summary judgment to the defendants on plaintiff's claims of misappropriation because there was no protectable trade secret and granting summary judgment on plaintiff's claim for interference with contractual relations because no valid contracts existed).

      Further, regarding preemption under the Copyright Act, this Court simply cannot hold on the basis of the pleadings that Patriot's claim for unfair competition is completely preempted by the Copyright Act, but this Court finds that part of the claim falls within the realm of preemption and part of the claim does not.  First to the extent that Patriot's tortious interference claims are based upon "works" that are <u>not</u> fixed in tangible form, or do <u>not</u> come within the subject matter of copyright as specified in Sections 102 or 103, as alleged by Patriot, then Patriot's tortious interference claims cannot and are not preempted.  However, to the extent that Patriot's claim for unfair competition are based on copyrighted works, then it is this Court's duty to discern whether the claim is equivalent to the rights specified in § 106. *See Higher Gear Group, Inc., v. Rockenbach Chevrolet Sales, Inc.*, 223 F.Supp.2d 953, 957 (N.D.Ill. 2002) (holding that the claim for tortious interference with contractual relations was preempted where the claim was based on copyrightable literary works (computer

15

programs/software) and was not qualitatively different than the unauthorized copying (which is the same conduct necessary to support a copyright infringement claim)). *See also*, *Bucklew v. Hawkings*, 329 F.3d 923, 932-34 (7th Cir. 2003) (holding that one cannot get punitive damages for copyright infringement or for a violation that is identical to a violation of the copyright statute). According to the complaint, Patriot alleges that "Defendant's engaged (and continue to engage) in intentional conduct" which is designed to disrupt the contractual and economic relationships that Patriot has with others. (Complaint at ¶¶ 76 and 81). Based on these statements, the Court cannot discern what Patriot means by Sterling's "intentional conduct." Therefore, without knowing what the "conduct" amounts to, the Court cannot, at this stage, determine that it is a right which specified in § 106 (i.e. reproduction of the copyright work, distribution of the copyrighted work, etc.) and therefore precluded. For example, if Patriot is alleging that Sterling's intentional conduct is that of failing to turn over the copyrighted material, thereby prohibiting Patriot from entering into future contracts or fulfilling existing contracts (or pursuing other economic business relationships), then this type of claim *may not* be precluded.[6] Therefore, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of Patriot, this Court concludes that Patriot's tortious interference claims are not preempted by the Copyright Act.

---

[6] The Court is not making a determination whether such a claim would or would not be precluded, but is merely providing an example in order to show that based on the nature of the Complaint at issue here, the Court cannot determine that Patriot's tortious interference claims are precluded by the Copyright Act.

**E.     Unfair Competition**

*Preemption under IUTSA*

Sterling asserts that Patriot's claim for unfair competition is premised on the alleged theft and use of trade secret information which enabled Sterling to build and sell cheaper homes to the detriment of Patriot; therefore, because the claim is based "solely upon Defendant's alleged misappropriation of trade secrets" the claim is displaced by IUTSA. Motion at 11.

On the other hand, Patriot states that although the law of unfair competition has been defined as the palming off of ones goods or services as that of someone else, and the attempt thereof, the tort of unfair competition is much broader and also includes actions for the interference with contract or business relationship, as well as for predatory price cutting. Plfs' Opp. at 15 (citing *Bartholomew County Beverage Co. v. Barco Beverage Corp.*, 524 N.E.2d 353, 358 (Ind.Ct.App. 1988)).

At this stage, the Court finds that the tort claim of unfair competition as alleged by Patriot is not simply a restatement of the same operative facts underlying the trade secret misappropriation claim and the Court concludes that the unfair competition claim does not necessarily conflict with the IUTSA.  *See* The Restatement (Third) of Unfair Competition 3d § 40 cmt. a (1995), as cited in Def's Motion at 5, n.4.  Therefore, based on the pleadings, the tort claim of unfair competition is not displaced by IUTSA.

*Preemption under the Copyright Act*

The Supreme Court has indicated that while federal patent laws prohibit a state from prohibiting the copying and selling of unpatented or uncopyrighted articles, a state still retains the power, by statutory or decisional law, to protect the consumer from confusion resulting from the copier's palming off its product as the original. *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 232 (1964), *r'hrng. denied*; *Compco Corp. v. Day-Bright Lighting Inc.*, 376 U.S. 234, 238 (1964), *r'hrng. denied*; *See also Spangler Candy Company v. Crystal Pure Candy Comp.*, 353 F.2d 641, 645-48 (7th Cir. 1966).

Patriot argues that its claim of unfair competition cannot be preempted because the claim requires proof of elements in addition to and different from Patriot's Copyright Claim. Plfs' Opp. at 20-21.  Specifically, Patriot relies on *Caldwell-Gadson*, 2001 U.S. Dist. LEXIS 18183 (citations omitted) for the proposition that one element of the tort of unfair competition in 'passing off' work of one as the work of another is that deception be a natural and probable consequence of the tortfeasor's acts.  Therefore, because the tort requires the additional element of deception, the tort of passing off would not be preempted by the Copyright Act.  *Id.*

Based on a liberal reading of the Complaint and the arguments presented by counsel, this Court is compelled to find that the Complaint in its claim for unfair competition alleges both reverse passing off and passing off.  In *Higher Gear Group*, the district court held that the plaintiff's claim for unfair competition was preempted because it only alleges reverse passing off.  *Higher Gear Group*, 223 F.Supp.2d at 959 (citations omitted) (discussing that

"reverse passing off" is where a wrongdoer sells another's product as his own, whereas "passing off" is selling your product under the name or mark of another). *See also*, *Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc*., 210 F.Supp.2d 552 (D.N.J. 2002) (citations omitted) (holding that the claim alleging "passing off" involves the extra element of misrepresentation or deception which is not an element for copyright infringement, and as such, the "passing off" claim is not preempted by the Copyright Act). Therefore, this Court finds that to the extent that Patriot's claim of unfair competition alleges "reverse passing off" of copyrightable works, such a claim is preempted by the Copyright Act; however, to the extent that Patriot's claim for unfair competition requires proof of elements in addition to and different from the Copyright Act, such as, "reverse passing off", then the claim is not preempted by the Copyright Act.

## V. Conclusion

For the reasons stated herein, several of Patriot's claims are preempted in part by either the Indiana Uniform Trade Secrets Act or the Copyright Act, as specified above. Accordingly, based on the foregoing, the Court **GRANTS in Part and DENIES in Part** the Defendant's Motion For Partial Judgment on the Pleadings (Docket No. 83).

**SO ORDERED**.

**DATED: June 6, 2007**

                                      S/ ALLEN SHARP
                              **ALLEN SHARP, JUDGE**
                              **UNITED STATES DISTRICT COURT**