UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PATRIOT HOMES INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-471 AS |
| ) | |
| FOREST RIVER HOUSING INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

On March 23, 2007, Defendant Forest River Housing Inc., d/b/a Sterling Homes, *et al.*, (collectively "Sterling") filed a motion to supplement the record on appeal. For the following reasons, Sterling's motion is **DENIED**.

**I.   PROCEDURE**

On September 19, 2005, Plaintiffs Patriot Homes, Inc., *et al.* (collectively "Patriot Homes") filed a motion for a preliminary injunction. On June 21, 2006, this Court granted Patriot Homes' motion. This Court found, among other things, that Patriot Homes had valid trade secrets and that Sterling had revealed those trade secrets.[1]

On July 6, 2006, this Court granted a request by Patriot Homes to have Sterling re-file some documents under seal. On July 10, 2006, this Court endorsed an agreed protective order

---

[1] The actual opinion by Judge Sharp adopted in part a Report and Recommendation by the undersigned. The undersigned found in the December 2, 2005, Report and Recommendation that Patriot Homes had valid trade secrets and that Sterling, via former Patriot Homes employees, had revealed some of those trade secrets. Judge Sharp did not modify the Report and Recommendation on the trade secret issue, which meant he adopted these findings.

created by the parties because it met the requirements of <u>Citizens First National Bank of Princeton v. Cincinnati Insurance Co.</u>, 178 F.3d 943, 944 (7th Cir.1999).[2]

On July 21, 2006, Sterling filed a notice that the 7th Circuit had granted an interlocutory appeal to review this Court's order that granted Patriot Homes' motion for a preliminary injunction. On February 2, 2007, the 7th Circuit issued an order that certain documents that Patriot Homes filed under seal would be unsealed absent a motion from a party requesting otherwise.[3] On February 16, 2007, Patriot Homes filed a motion for these documents to remain sealed because Patriot Homes believed the sealed documents contained trade secrets. On February 27, 2007, the 7th Circuit denied Patriot Homes' motion and unsealed the documents.

On March 5, 2007, Sterling filed a motion to unseal the documents on this Court's docket that the 7th Circuit had unsealed on appeal. On March 6, 2007, Patriot Homes filed a response in opposition to Sterling's motion, and on March 9, 2007, Sterling filed a reply in support of its motion. On March 13, 2007, this Court unsealed the documents that the 7th Circuit had unsealed. The Court reasoned that because the 7th Circuit had unsealed certain document in this case in its record, deference should be afforded to that decision in this Court as well. Also, because the documents had now become accessible to the public at the 7th Circuit, the cat was, essentially, out of the bag and there was no reason for the documents to remain sealed.

---

[2]Specifically, the protective order allowed any trade secret protected by law to be filed under seal if the providing party believed that information was confidential. <u>See</u> Doc. No. 105 at ¶ 1.

[3]The documents that were unsealed are docket entries numbered 107, 109, 115, 154, and 155.

Following this ruling, on March 23, 2007, Sterling then filed a motion to supplement the record on appeal. Specifically, Sterling asks that this Court to supplement the current record on appeal with the briefs of the parties filed between March 5 and March 9, 2007, and the March 13, 2007, order of this Court. Sterling simply argues that these documents are "material" because they relate to whether or not the unsealed documents constitute trade secrets under Indiana law. On March 27, 2007, Patriot Homes filed an objection to this motion. This Court may rule on this motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.    ANALYSIS**

Under Fed. R. App. P. 10(e)(2),

> If anything <u>material</u> to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
> . . .
> (b) by the district court before or after the record has been forwarded.

(emphasis added). While there is little guidance on the meaning of the word "material," in <u>U.S. v. Alcantar</u>, 83 F.3d 185, 191 (7th Cir. 1996), the 7th Circuit indicated that documents that were not before the district court could not be added to the record under Fed. R. App. P. 10(e).[4] This Court did not consider the documents Sterling wishes to supplement the appellate record with when it granted the motion for a preliminary injunction. Applying the <u>Alcantar</u> reasoning to this case, because the documents were not before this Court when it resolved the issues that are now on appeal, they are not material.

---

[4] Sterling does not argue, nor does it appear to this Court, that these documents were accidentally or erroneously ommitted.

Furthermore, the documents are not "material" because this Court's determination to seal or unseal documents has no bearing upon dispositive issues in this case, and as a consequence, they are not important to the issues on appeal.  Cf. Basic Inc. v. Levinson, 485 U.S. 224, 231 (1988) (defining "material" as something a shareholder considers important in a securities case); see also Black's Law Dictionary 976 (7th ed. 1990) (defining "material as "[i]mportant; more or less necessary; having influence or effect.").  The items Sterling seeks to supplement the appellate record with have to do with unsealing documents that were sealed by this Court pursuant to its July 6, and July 10, 2006, orders.  The purpose of sealing documents is to protect the privacy interests of the parties involved in a case.  See Citizens, 178 F.3d at 945.  Whenever this Court seals documents, it is not making a separate, binding determination regarding a factual or legal issue, such as whether a party has legitimate trade secrets.[5]  Instead, this Court is finding that a party has made a sufficient showing to warrant that its privacy interests should be protected at that point in the litigation.  The competing interest, as outlined in Citizens, is the public's right to that information.  Therefore, the only thing the 7th Circuit's unsealing of the documents represents is its determination that the public's right to view the documents is or has become superior to Patriot Homes' privacy concerns. This Court's March 13, 2007, order is simply a reflection of deference to that finding, as well as recognition that keeping the documents sealed in this Court is pointless.  Simply put, this Court's determination to follow the 7th Circuit's opinion that the public's right to view documents outweighs private interests will

---

[5] In fact, this Court's July 10, 2006, protective order leaves it to the discretion of the parties to seal documents they reasonably believe to be trade secrets.

not affect substantive issues.  As a consequence, this Court is fully confident the documents at issue are not relevant, important, or "material" to Sterling's interests on appeal.

### III.   CONCLUSION

For the reasons stated, the documents Sterling wishes to supplement on appeal are not material.  Sterling's motion to supplement the record on appeal is **DENIED** [Doc. No. 183].

**SO ORDERED.**

Dated this 3rd Day of July, 2007.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge