UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PATRIOT HOMES, INC. and<br>PATRIOT MANUFACTURING, INC., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 3:05-CV-471 RLM |
| | ) | |
| FOREST RIVER HOUSING, INC. d/b/a | ) | |
| STERLING HOMES, BRENT RAIFSNIDER, | ) | |
| DANIEL REED, WILLIAM MILLIKEN and | ) | |
| STEVEN RYKER, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

This matter is before the court on defendant Forest River Housing, Inc. d/b/a Sterling Homes's second motion for partial summary judgment [Doc. No. 147]. The motion has been fully briefed and the court heard oral argument on the motion in South Bend, Indiana.

Sterling argues that it is entitled to summary judgment on the allegation that it is infringing on an architectural work copyright registration — a three-dimensional expression of a modular home — because, Sterling contends, modular homes are not protectable "architectural works" under the Copyright Act. *See* Amended Complaint ¶¶ 39, 46, 51-57, Exb. 9. Patriot Homes, Inc. and Patriot Manufacturing, Inc. (jointly referred to as "Patriot") assert that Patriot's modular home is subject to copyright protection as an architectural work because it is a "building," and Sterling's motion should be denied.

## I. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). No genuine issue of material fact exists when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the nonmoving party. Turner v. J.V.D.B. & Assoc., Inc., 330 F.3d 991, 995 (7th Cir. 2003). "The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). The party with the burden of proof on an issue must show that there is enough evidence to support a jury verdict in its favor. Lawrence v. Kenosha County, 391 F.3d 837, 841-842 (7th Cir. 2004); see also Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) ("summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events'") (quoting Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 504 (7th Cir. 1999)).

## II. FACTUAL BACKGROUND

As the court of appeals has noted, the parties have had, for several years, a rather contentious relationship. Patriot Homes, Inc. v. Forest River Housing, Inc., 512 F.3d 412, 413 (7th Cir. 2008). Sterling tried to purchase Patriot in 2004, and after Patriot declined such offers, Sterling hired four of Patriot's former employees. Along with the employees went Patriot's trade secrets/confidential information. Sterling doesn't deny that Patriot's former employees took information from Patriot before leaving, or that Sterling used the information to build and sell manufactured homes. Instead, this motion is narrowly focused on whether one piece of the allegedly stolen information — the design of Patriot's 5801PLM QC Elite Modular house — is protected under the Architectural Works Copyright Protection Act of 1990 ("AWCPA"), which amended the Copyright Act of 1976 to include architectural works. See 17 U.S.C. § 102(a).

Patriot's Elite Modular house design is registered with the United States' Copyright Office. See, Cert. of Reg. No. VA 1-311-715 attached as Exb. B to Plf's Resp. The Elite Modular was first published in 2002 and was registered on September 19, 2005 with the registration application including a floor plan and photograph of the house. The Elite Modular is designed to meet the various state building codes, and although built and transported in sections, it is assembled at the building site and permanently anchored to a foundation, similar to site-built homes use of permanent foundations.

The parties' submissions expose their agreement that manufactured homes

3

and modular homes, such as the Elite Modular, are different. The three significant differences between manufactured and modular homes are: (1) the means by which they are transported; (2) the building codes governing production and sale of the homes; and (3) the term "mobile home" can refer to manufactured homes but does not properly refer to modular homes. Regarding the first difference, modular homes are transported by a flatbed trailer not using an attached chassis, whereas manufactured homes are built on a permanent chassis and once pulled by a truck to its destination, the chassis remains attached to the home. Regarding the second difference, modular homes are built to meet individual state building code requirements, while manufactured homes are built to meet the standards of the National Manufactured Home Construction and Safety Standards Act of 1974, 42 U.S.C. § 5401, *et. seq.* and accompanying HUD regulations.

Aside from the differences, Sterling suggests that it is "normal practice" in the factory-built housing industry to use floor plans for modular and manufactured homes interchangeably, and that Patriot and its competitors do so. Yet Patriot asserts that its Elite Modular is a structure designed only to be permanent and stationary, not temporary and mobile like manufactured or mobile homes. While a manufactured or mobile home is designed to be used with or without a permanent foundation, the Patriot Elite Modular requires a permanent foundation.

The parties' dispute centers on whether Patriot's Elite Modular is entitled to copyright protection as an architectural work because it's a "building," or

whether it is excluded from protection under the AWCPA, as Sterling suggests, because it's a "mobile home." The evidence viewed in the light most favorable to Patriot confirms that the Elite Modular is neither a manufactured home nor a mobile home, and is entitled to the protection afforded by its copyright registration as an architectural work.

## III. DISCUSSION

Sterling would have this court grapple with the historical terminology used and oftentimes confused for references to manufactured homes, and Congress's intent to exclude mobile homes from the protection afforded architectural works, but resolution of today's motion requires no such analysis.

The AWCPA established "architectural works" as a category of copyright protection. *See* 17 U.S.C. § 102(a)(8). An "architectural work" is defined as:

> [T]he design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features.

17 U.S.C. § 101. Regulations implementing the Copyright Act, as amended by the AWCPA, define the term "building" as "humanly habitable structures that are intended to be both permanent and stationary, such as houses. . .". *See* 37 C.F.R. § 202.11(b)(2). Excluded from copyright protection as an architectural work are "[s]tructures other than buildings, such as bridges, cloverleafs, dams, walkways,

tents, recreational vehicles, mobile homes, and boats . . .[and] standard configurations of spaces . . .". 37 C.F.R. § 202.11(d).

Based on the exclusionary language, Sterling reasons that the AWCPA, "though not clear on its face," excludes copyright protection to all modular homes, including Patriot's Elite Modular.

The court disagrees. The AWCPA established that architectural works, including the design of a humanly habitable structure intended to be permanent and stationary, are entitled to copyright protection. Patriot has a registered copyright in the three-dimensional expression of the Elite Modular. The Elite Modular is a permanent and stationary shelter for those persons living inside, and is built to meet various state building code requirements.[1] "[T]he cardinal rule is that words used in statutes must be given their ordinary and plain meaning and that we will frequently look to dictionaries to determine the plain meaning of words." Cler v. Illinois Educ. Ass'n, 423 F.3d 726, 731 (7th Cir. 2005). In abiding by that rule, the Elite Modular is a building, and the copyright protects the design of that building. *See*, 37 C.F.R. § 202.11(b)(2); Black's Law Dictionary 194-95 (8th ed. 2004) (defining "building" as a "structure with walls and a roof, esp. a permanent structure"); *See also*, Moser Pilon Nelson Architects, LLC v. HNTB Corp., 2006 WL 2331013 at *5 (D.Conn. Aug. 8, 2006) (finding that a garage is a building under § 101 of the Copyright Act).

---

[1] *See* Black's Law Dictionary 189 (8th ed. 2004) (defining "building code" as a "law or regulation setting forth standards for the construction, maintenance, occupancy, use, or appearance of buildings and dwelling units").

The Elite Modular is not only a building, it is a modular home. Mobile and manufactured homes are different from modular homes. *See* 42 U.S.C. § 5402(6) (a manufactured home is "built on a permanent chassis and designed to be used as a dwelling with or without a permanent foundation"). The Elite Modular must meet building code requirements and is only attached to a permanent foundation similar to site-built homes. It is not built onto a chassis like a mobile or manufactured home. The Copyright Office, in registering the Elite Modular, reviewed the registration application pertaining to the modular home design, including the floor plan and photograph of the home. The copyrighted design is for a home intended to be permanent and stationary — like a building, not a mobile home. Thus, Patriot's Elite Modular is not excluded from the protection afforded architectural works, because it is not a mobile home.

Sterling further argues against the Elite Modular's copyrightability by contending that modular homes serve an entirely utilitarian purpose, and there is nothing significantly expressive about the design at issue. Were this so, former Patriot employees would have had little incentive to steal and use Patriot designs when they left the employ of Patriot. At any rate, a look at the floor plan for the Elite Modular reveals that it has design elements independent of its utilitarian aspects and is much more than a standard configuration of spaces — the overall form displays a creative arrangement of rooms in various sizes designed to be an affordable and practical option for living headquarters. At this stage, Patriot is entitled to the protection afforded by its registered copyright in the overall form as

7

well as the arrangement and composition of spaces and elements in the design of the Elite Modular. *See* 17 U.S.C. § 410(c) (a certificate of registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate).

Lastly, the court is unpersuaded by Sterling's public policy argument that upholding Patriot's architectural work copyright will scare competitors from selling anything similar to competitors' designs. First, Sterling alleges copyright protection in one of its modular homes, but claims here that somehow Patriot's designs should not be afforded the same protection. Second, protecting intellectual property rights and encouraging businesses in the housing industry to derive creative designs at competitive prices for the market — as opposed to condoning use of information taken from a primary competitor, serves to promote the public interest, not harm it.

Sterling is not entitled to judgment as a matter of law, because the Elite Modular is deserving of its copyright protection and Patriot's infringement claim stands.

IV. CONCLUSION

Based on the foregoing, the court DENIES defendant Sterling's second motion for partial summary judgment [Doc. No. 147].

SO ORDERED.

ENTERED:    February 22, 2008

\_\_\_\_/s/ Robert L. Miller, Jr._____
Chief Judge
United States District Court